Dear Mr. DeField:
This is in answer to your request for an opinion of this office which reads as follows:
 "Is a state constitutional amendment prohibiting a person from being elected to the office of governor more than twice applicable to the governor in office at the time of the adoption of the amendment?"
Section 17 of Article IV of the Missouri Constitution, reads as follows:
 "The governor, lieutenant governor, secretary of state, state treasurer and attorney general shall be elected at the presidential elections for terms of four years each. The state auditor shall be elected for a term of two years at the general election in the year 1948, and his successors shall be elected for terms of four years. No person shall be elected governor or treasurer more than twice, and no person who has held the office of governor or treasurer, or acted as governor or treasurer, for more than two years of a term to which some other person was elected to the office of governor or treasurer shall be elected to the office of governor or treasurer more than once. The heads of all the executive departments shall be appointed by the governor, by and with the advice and consent of the senate. All appointive officers may be removed by the governor and shall possess the qualifications required by this constitution or by law." (emphasis added)
Article I, Section 13 of the Missouri Constitution reads as follows:
 "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."
The general rule of construction is that constitutional and statutory provisions are presumed to operate prospectively.State ex rel. Hall v. Vaughn, 483 S.W.2d 396 (Mo. Banc 1972). However, a provision is not retrospective because some of the requisites for its application to a situation are drawn from a time antecedent to the adoption of the provision. State ex rel.Ross to use of Drainage District No. 8 of Pemiscot County v. GeneralAmerican Life Insurance Company, 85 S.W.2d 68, 74 (Mo. 1935). In Attorney General Opinion No. 46, dated March 6, 1956, to the Honorable Devere Joslin, this office interpreted Section 182.190, RSMo Supp. 1955, which limited the number of terms that a member of the board of trustees of a city library could serve. That section reads, in part, as follows:
 "* * * No member of the board shall serve for more than three successive full terms and shall not be eligible for further appointment to the board until two years after the expiration of the third term. * * *"
This office concluded that the limitation on terms was applicable to incumbents of the board at the time of the statute's enactment. That opinion stated that the application of the statute to incumbents was not retrospective merely because the facts constituting the disqualification (two previous elections to the library board of trustees) may have occurred prior to the passage of the act.
A copy of Opinion No. 46, dated March 6, 1956, to Joslin, is enclosed for your information.
In State ex rel. Scott v. Dircks, 211 Mo. 568,111 S.W. 1 (1908), a Missouri constitutional amendment stating that all counties were to elect sheriffs in 1908 and thereafter at four year intervals, and limiting the eligibility to serve to four years in any one period, was held not to disqualify a sheriff elected in 1906 from running for re-election in 1908. The provisions of Article IX, Section 10 of the 1875 Constitution which was in question read in part as follows:
 "There shall be elected by the qualified voters in each county on the first Tuesday following the first Monday in November, A. D. 1908, and thereafter every four years, a sheriff and coroner. They shall serve for four years and until their successors be duly elected and qualified, unless sooner removed for malfeasance in office. Before entering on the duties of their office they shall give security in the amount and in such manner as shall be prescribed by law and shall be eligible only four years in any one period.. . ." (emphasis added)
The court, in holding the four year limit not applicable to the period served by a sheriff prior to the election of 1908, seized on the language underscored in the above quote:
 "They shall serve for four years and until their successors be duly elected and qualified. Unquestionably `they' in this sentence refers to those elected in 1908. The amendment then continues, `Before entering on the duties of their office, they [that is to say, those elected in 1908, and their successors in office] shall give security in the amount and in the manner as shall be prescribed by law, and shall be eligible only four years in one period,' evidently again referring to those elected in 1908, and their successors.
 "But for the unequivocal language of the amendment itself there would be great force in the argument that the provision limiting the term of a sheriff to four years is one of eligibility, which might refer to the past incumbency of the office as well as the future, but when it is borne in mind that the amendment of 1906 leaves nothing to implication, but expressly repeals the former constitutional provision, to wit, section 10 of article 9 of the Constitution of 1875, it seems to us that it marks a departure in the law, and creates a new rule for the future." 111 S.W. at 3.
In Dircks, the plain language of the amendment stated that it was to apply only to those sheriffs elected in 1908 and subsequent elections. Article IV, Section 17, by its plain language establishes the disqualification applicable to any person wishing to run for governor after the time of its adoption. We see no reason to depart from the plain, unambiguous language of Article IV, Section 17. That section established a new disability, but not "in respect to transactions already past." It is prospective because it affects only elections taking place after it became effective. It does not invalidate any previous election in which someone possessing the disqualification may have been elected. Therefore, Article IV, Section 17 does apply to the incumbent at the time of its adoption with respect to elections occurring after that time.
Had Article IV, Section 17 not been intended to apply to such incumbent, the framers could have followed the example of the 22nd Amendment of the United States Constitution, which reads as follows:
 "No person shall be elected to the office of the President more than twice, and no person who has held the office of President, or acted as President, for more than two years of a term to which some other person was elected President shall be elected to the office of the President more than once. But this Article shall not apply to any person holding the office of President when this Article was proposed by the Congress, and shall not prevent any person who may be holding the office of President, or acting as President, during the term within which this Article becomes operative from holding the office of President or acting as President during the remainder of such term." (emphasis added)
Article IV, Section 17 contains no such "saving" clause for the incumbent. Yet, the model for such a clause was available in the 22nd Amendment of the United States Constitution (which was adopted in 1951).
Neither is Article IV, Section 17 unconstitutional as applied to the person who held the office because of election to such office when it became effective. It does not divest him of "any vested right acquired under existing laws." Under Missouri case law, there is no vested or property right in a public office. See State ex rel. Hall v. Vaughn, supra; State ex rel. Voss v.Davis, 418 S.W.2d 163 (Mo. 1967).
CONCLUSION
It is the opinion of this office that Section 17 of ArticleIV, of the Missouri Constitution, limiting the number of times a person may be elected to the office of governor, is applicable to the person who held the office because of election to such office when such section became effective.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Michael Elbein.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 46, 3-6-56, Joslin